■ ELIZABETH NEMETH, Appellant, v. TERMINAL CLEANING CONTRACTORS, INC., Respondent-Appellant, et al., Defendant.— Order entered on May 22,

1967, setting aside a verdict in favor of plaintiff as against the weight of the evidence and directing a new trial "on both the issues of liability and damages," unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reinstating the verdict insofar as it determined the issue of liability in favor of plaintiff, and of directing a new trial solely on the issue of damages, and, as so modified, the order is affirmed, with $50 costs and disbursements to abide the event. The inconsistencies and conflicts in the record to which the trial court adverts in its discussion of the issue of liability seem to us of the kind traditionally amenable to jury resolution; and after reviewing the pertinent evidence we are unable to agree that the jury's determination of that issue was but "a matter of chance," as the court put it, or against the weight of the evidence. On the issue of damages, however, we share the trial court's expressed uneasiness. Having in mind the substantial amount of claimed special damages, we are not prepared to say that the jury's figure would be deemed inordinate in the absence of proof that plaintiff suffered a fracture of the skull. But whether she did was a question which was contested so strongly that its entry into the jury's evaluation seems undeniable. Involved in the jurors' deliberation, however, was not merely a choice between the opinions of the physicians who testified, but a choice between contradictory parts of the hospital record, for, as the trial court said, "The hospital record is itself in conflict." No person responsible for any of the statements in the hospital record was called for explanation, the jurors' choice was bound to be uninformed, and attempted reconciliation therefore must have been speculative. With the elimination of the hospital record for the reason stated, we hold that any finding of the alleged fracture based on the remaining evidence should be rejected as against the weight of the credible evidence. It is concluded that a new trial is required, but that it should be confined to the matter of damages. The finding of liability was, as above indicated, within the range of reasonableness, and the record discloses no reason why the question of damages "cannot properly or adequately be submitted to the jury independent of a consideration of the proofs bearing on the liability issue" (*Mercado* v. *City of New York*, 25 A D 2d 75, 78). Concur — Botein, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.